UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RICKY RIVERA, | Case No.: 1:16-cv-01817-AWI-BAM (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR THE FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| DAVE DAVEY, et al., | |
| Defendants. | (ECF No. 1) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Ricky Rivera is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.

On November 22, 2017, the undersigned screened Plaintiff's complaint, found that he had failed to state any cognizable claim, and granted him leave to amend within thirty (30) days. (ECF No. 14.) Plaintiff failed to file any amended complaint or otherwise respond within the time permitted.

On January 11, 2018, the undersigned issued findings and recommendations recommending dismissal of this action, with objections due within fourteen (14) days. (ECF No. 15.) On January 12, 2018, Plaintiff filed a motion seeking additional time to file an amended complaint on the basis of holiday law library closures. (ECF No. 16.)

On January 16, 2018, the undersigned vacated the prior findings and recommendations, and granted Plaintiff's request for an extension of time to file an amended complaint. (ECF No. 17.) Plaintiff was granted an additional thirty days to file an amended complaint from the date of that order. (ECF No. 16.)

More than thirty days have passed since Plaintiff's extension of time was granted, but no amended complaint has been filed. However, on February 9, 2018, Plaintiff filed objections to the January 11, 2018 Findings and Recommendations. In the objections, Plaintiff asserts that his First Amendment right to freely practice his religion was violated, that the Defendants' actions were committed under the color of law, and that he has standing to sue. Plaintiff also makes some arguments regarding improper prison regulations, citing *Turner v. Safely*, 482 U.S. 78 (1987). Although not entirely clear, it appears Plaintiff does not intend to amend his complaint, and instead asserts that he has sufficiently stated a claim for relief.

The Court has considered Plaintiff's objections, but nevertheless finds that his complaint fails to state a cognizable claim for relief. Accordingly, the Court recommends dismissal of Plaintiff's complaint, for the reasons explained below.

**I.      Failure to State a Claim**

     **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Complaint Allegations

Plaintiff is currently housed at California State Prison – Corcoran ("Corcoran") where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Dave Davey; (2) Community Resource Manager M. Robicheaux; (3) Christian Chaplain Ed Crain; and (4) S.M.V. Chapoleun, Catholic Priests. Plaintiff contends that defendants violated his First Amendment rights to practice the Jewish obligatory prayers and holiday events during 2014 through 2016.

Plaintiff alleges that he arrived at Corcoran on June 23, 2014, from Wasco State Prison ("WSP"). While at WSP, Plaintiff was able to practice all requested religious prayers and rituals under the Jewish faith. Upon Plaintiff's arrival at Corcoran, however, the requested prayers and holiday events have been repeatedly denied by Defendants Robicheaux, Crain, Chapoleun and Davey since July 2014.

Plaintiff contends that he followed all instructional procedures and guidelines after his arrival by submitted numerous CDCR-22 Inmate Request Forms to Facility 3A staff members, including Defendants Davey, Robicheaux, Crain and Chapoleun to provide him with the facility chapel to practice obligatory Jewish prayers and holy day events. At the time of his requests in

3

2014 and 2015, all other inmates of the Christian, Islamic, Catholic, Buddhist, and Kemectic Services were afforded their obligatory religious services at the facility chapel.

Plaintiff made personal requests to Defendants Crain and Chapoleun that went without accommodations and resulted in intentional denial of religious services for the Jewish faith. Plaintiff alleges that Defendants Crain and Chapoleun intentionally violated his First Amendment rights to practice and observe Jewish prayers and holy day events by repeatedly denying services.

On August 17 and 24, 2015, and November 21, 2015, Plaintiff sent several CDCR-22 inmate request forms to Defendant Robicheaux (Defendants Crain and Chapoleun's supervisor) requesting her immediate assistance to rectify the continued denial and deprivation of Plaintiff's requested obligatory Jewish prayers and holy day events that were occurring at the facility. Defendant Robicheaux did not respond to Plaintiff's CDCR-22 requests. Plaintiff contends that her failure to rectify the violations committed by Defendants Crain and Chapoleun violated Plaintiff's First Amendment rights.

On November 15, 2015, Plaintiff submitted a CDCR-602 grievance to Defendant Davey, objecting to Defendants Crain, Chapoleun and Robicheaux's continued failure to comply with policies to afford the Plaintiff his equal opportunity to perform obligatory Jewish prayer services and holy day events that were afformed to all other religious inmates for Catholic, Christian, Islamic, Buddhist and Kemectic services. Plaintiff alleges that Defendant Davey's failure to timely intervene and rectify the violations committed by Defendants Crain, Robicheaux and Chapoleun violated Plaintiff's First Amendment rights to practice the obligatory Jewish prayers and holy day events in Facility 3A in 2014 and 2015. Plaintiff further alleges that Defendants Davey, Robicheaux, Crain and Chapoleun intentionally violated Plaintiff's Fourteenth Amendment right to Equal Protection under the law by failing to provide Plaintiff with equal access to the 3A Facility Chapel religious services that were afforded to all other inmates of Christian, Islamic, Catholic, Buddhist and Kemectic faiths from 2014 through 2016.

As relief, Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive relief.

///

4

**C. Discussion**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Although Plaintiff's complaint is short, it is not a plain statement of his claims demonstrating that he is entitled to relief. Plaintiff's complaint fails to include sufficient factual allegations to state a claim, including his religious affiliation or beliefs, what he requested by way of religious services and holy day events, when he requested it and why his requests were denied. Absent these basic facts, the Court cannot determine whether Plaintiff has stated a plausible claim on the face of his complaint.

**2. Supervisory Liability**

Plaintiff seeks to hold Defendant Davey liable for the failure of his subordinates to ensure that Plaintiff's religious services and holy day needs were properly met. To the extent Plaintiff seeks to bring suit against Warden Davey based on his role as supervisor, Plaintiff may not do so.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; *Lacey*, 693 F.3d at 915–16. "Under the

latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Although Plaintiff alleges that he submitted a CDCR-602 grievance to Warden Davey, there is no indication in the complaint that Warden Davey received the grievance or that the grievance was not processed through the ordinary channels of review. There also is no indication that Defendant Davey otherwise knew of Plaintiff's requests for religious services or holy day events and that those requests allegedly were denied. To state a claim against any supervisory defendant, Plaintiff must allege facts showing that the defendant participated in or directed conduct that violated Plaintiff's constitutionally protected rights. Plaintiff has not alleged such facts in his complaint.

### 3. First Amendment – Free Exercise of Religion

"Inmates ... retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987) (internal quotations and citations omitted). However, "a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.'" *Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015) (citation omitted). "'To ensure that courts afford appropriate deference to prison officials,' the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be 'judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.'" *Id.* (quoting *O'Lone*, 482 U.S. at 349, 107 S. Ct. 2400.) "The challenged conduct 'is valid if it is reasonably related to legitimate penological interests.'" *Id.* (quoting *O'Lone*, 482 U.S. at 349, 107 S. Ct. 2400). "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." *Jones*, 791 F.3d at 1031; *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). "[T]he availability of alternative means of practicing religion is a relevant consideration" for

claims under the First Amendment. *Holt v. Hobbs*, —U.S. —, 135 S. Ct. 853, 862 (2015).

Plaintiff's conclusory allegations fail to state a cognizable claim. Plaintiff fails to set forth facts alleging his sincerely held religious beliefs. He also fails to set forth facts alleging that any denial substantially burdened the practice of his religion, that any denial was not reasonably related to legitimate penological interests or that he did not have alternative means of practicing his religion.

### 4. Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (2001); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.' " *Shakur*, 514 F.3d at 891 (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)).

To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891.

Here, Plaintiff alleges that other religions have not been denied the same access to religious services and holy day events. However, Plaintiff's assertions regarding other religions are conclusory at best and lack supporting factual allegations. Plaintiff also fails to allege sufficient facts to demonstrate that he was denied the same opportunities because of his religious beliefs. Plaintiff therefore fails to state an Equal Protection Clause claim.

### III. Conclusion and Recommendation

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

7

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 21, 2018**           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE