# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RIVERA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVEY, *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-01817-AWI-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT CHAPOLEUN SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 39)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Ricky Rivera ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Robicheaux, Chapoleun, and Crain for violations of the Free Exercise Clause of the First Amendment and against Defendant Davey for a deficient policy that violates the Free Exercise Clause of the First Amendment.

**II.    Service by the United States Marshal**

On March 17, 2020, the Court issued an order directing the United States Marshals Service to initiate service of process in this action upon Defendants Robicheaux, Chapoleun, Crain, and Davey. (ECF No. 35.) On April 24, 2020, the United States Marshals Service filed a return of service unexecuted as to Defendant Chapoleun. (ECF No. 39.)

1

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to serve Defendant Chapoleun with the information that Plaintiff provided. However, the Marshal was informed of the following by the Litigation Coordinator at CSP-Corcoran that the Chaplin at the time of the events alleged in the complaint was Matthew Vannissery. He resigned on April 24, 2016, and he is no longer employed at CSP-Corcoran. The Community Resource Manager at CSP-Corcoran indicated that the last she heard, Mr. Vannissery was returning to his country. CSP-Corcoran therefore would not accept service and had no forwarding address to provide. (ECF No. 39.) Plaintiff therefore has not provided sufficient information to identify and locate Defendant Chapoleun—possibly Defendant Vannissery—for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Chapoleun shall be

dismissed from this action, without prejudice.  Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Chapoleun should not be dismissed from the action at this time.

### III.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant SMV Chapoleun should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Chapoleun from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)**.

IT IS SO ORDERED.

Dated:    **April 29, 2020**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE