# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RIVERA,<br><br>                    Plaintiff,<br><br>     v.<br><br>DAVEY, *et al.*,<br><br>                    Defendants. | Case No.  1:16-cv-01817-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT CHAPOLEUN WITHOUT PREJUDICE FOR FAILURE TO SERVE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ricky Rivera ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants Robicheaux, Chapoleun, and Crain for violations of the Free Exercise Clause of the First Amendment and against Defendant Davey for a deficient policy that violates the Free Exercise Clause of the First Amendment.

**I.     Service by the United States Marshal**

On March 17, 2020, the Court issued an order directing the United States Marshals Service to initiate service of process in this action upon Defendants Robicheaux, Chapoleun, Crain, and Davey. (ECF No. 35.) On April 24, 2020, the United States Marshals Service filed a return of service unexecuted as to Defendant Chapoleun. (ECF No. 39.) Based on the information Plaintiff provided, specifically that Defendant S.M.V. Chapoleun was employed as Chaplain at California State Prison, Corcoran ("CSP-Corcoran") from June 2014 through

1

November or December 2015, the Marshal was informed by the Litigation Coordinator at CSP-Corcoran that the Chaplin at the time of the events alleged in the complaint was Matthew Vannissery, who resigned on April 24, 2016, and is no longer employed at CSP-Corcoran. The Community Resource Manager at CSP-Corcoran indicated that the last she heard, Mr. Vannissery was returning to his country. CSP-Corcoran therefore would not accept service and had no forwarding address to provide. (Id.)

On April 29, 2020, the Court issued an order requiring Plaintiff to show cause why Defendant Chapoleun should not be dismissed from this action, within thirty days of service. (ECF No. 40.) Plaintiff filed a response on May 27, 2020. (ECF No. 44.) Plaintiff argued that the only information provided by CSP-Corcoran pertained to Matthew Vannissery, while Plaintiff was attempting to serve Defendant Chapoleun. (Id.)

On June 8, 2020, summons was returned unexecuted as to S.M.V. Chapoleun. (ECF No. 47.) The response states: "Per the Corcoran Community Records the Chaplin at the time was Matthew Vannissery. He is no longer employed at COR, he resigned on 4/24/16. Records indicate that he returned to his country, but he did not leave a physical address. CSP Corcoran has no records of employing S.M.V. Chapoleun. CSP-Corcoran will not accept service for S.M.V. Chapoleun." (Id.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed

for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

### III.    Discussion

The U.S. Marshal twice attempted to serve Defendant Chapoleun with the information that Plaintiff provided. However, the Marshal was informed that CSP-Corcoran has no records of any employees by the name of S.M.V. Chapoleun. Further, as Plaintiff indicated that S.M.V. Chapoleun was working as the facility Chaplin at the time of the events in the complaint, CSP-Corcoran instead provided information regarding Matthew Vannissery, who was the facility Chaplin at that time. However, Mr. Vannissery is no longer employed at CSP-Corcoran, and the institution does not have any forwarding information that would enable the Marshal to locate him for service of process.

Plaintiff was afforded an opportunity to provide further information to locate Defendant Chapoleun, but indicated that the only information provided—Defendant Chapoleun's work address—should be sufficient to effectuate service. (ECF No. 44, p. 2.) Further, Plaintiff argued that as a *pro se* prisoner litigant, he has no other avenues to seek any information relating to the whereabouts of Defendant Chapoleun, such as a home or employer address, or any other information that would help the Marshal to effectuate service. (Id. at 4.) As such, it appears that Plaintiff can provide no further information to assist the Marshal in effectuating service on Defendant Chapoleun. As the Marshal has already twice attempted and failed to serve Defendant Chapoleun with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Chapoleun for service of process.

///

**IV.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant S.M.V. Chapoleun be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 8, 2020**                         /s/ Barbara A. McAuliffe            _
                                         UNITED STATES MAGISTRATE JUDGE